# TAB 1

**08CI08422**

CIVIL ACTION NO. _____ JEFFERSON CIRCUIT COURT

FILED IN CLERKS OFFICE
DAVID L. NICHOLSON, CLERK
AUG 12 2008
BY _____ DEPUTY CLERK

JEFFERSON CIRCUIT COURT
DIVISION FOUR (4)

JUDGE _____

Kathy Jo Spagnola                                                             PLAINTIFF
2113 Deer Path Circle #107
Louisville, Kentucky 40220

v.                                 **COMPLAINT**

Humana, Inc                                                                   DEFENDANT
500 West Main Street
Louisville, Kentucky 40201

    SERVE:    CSC-Lawyers Incorporating Service Company
                    421 West Main Street
                    Frankfort, Ky 40601

## I. INTRODUCTION

Comes the Plaintiff, Kathy Jo Spagnola (hereinafter "Spagnola" or "Plaintiff"), and for her Complaint against the Defendant, Humana, Inc. (hereinafter "Humana" or "Defendant"), states as follows:

## II. PARTIES

1. Spagnola is an individual living in Louisville, Kentucky.

2. Humana is a Kentucky corporation doing business in Louisville, Kentucky.

### III. JURISDICTION AND VENUE

3. Humana is a Kentucky corporation with its principal place of business located at 500 West Main Street, Louisville, Jefferson County, Kentucky 40202.

4. Spagnola is a Kentucky resident living in Louisville, Jefferson County, Kentucky.

5. Humana regularly transacts business in Louisville, Jefferson County, Kentucky.

6. Venue is proper in Jefferson County, Kentucky, pursuant to Kentucky Revised Statutes ("KRS"), Chapter 454 § 210(4), because the events that give rise to the causes of action in this case occurred in Jefferson County, Kentucky.

7. A case and controversy exists between the parties to this action and the amount in controversy exceeds the jurisdictional minimum of this Circuit Court.

### IV. FACTS

8. Spagnola is female and a former employee of Humana.

9. Spagnola began working for Humana in August of 1996.

10. Spagnola worked for Humana for approximately eleven (11) years.

11. Spagnola is a hard working single mother of a nine (9) year old boy.

12. During her term of employment, Spagnola had an excellent employment record and work history.

13. During her employment with Humana, Spagnola was never suspended, demoted, disciplined, discharged or threatened with discharge.

14. Spagnola held several positions with Humana during her employment including: claims adjuster, benefit analyst, claims team lead, audit specialist, claims process business analyst and COB process manager.

15. In 2006, Spagnola became a COB process manager.

2

16. Doug Coenson ("Coenson") was the director of COB and Spagnola's supervisor.

17. Immediately after Coenson and Spagnola began working together Coenson engaged in a pattern and practice of mistreating Spagnola because of her gender.

18. Coenson stated to Spagnola: "Why do I need you as my process manager?"

19. Coenson refused to provide Spagnola with the resources to do her job and continuously harassed Spagnola at work.

20. Coenson treated male employees in a more favorable manner than he treated female employees such as Spagnola.

21. In March of 2007, Coenson began to make false accusations about the quality of Spagnola's work.

22. In March of 2007, Spagnola requested medical leave to provide assistance for her son, but Humana denied the request.

23. Spagnola complained to Humana officials about Coenson's gender discrimination.

24. Spagnola voiced her opposition to Humana officials about Coenson's gender discrimination.

25. On March 2, 2007, in retaliation for Spagnola's complaints and opposition, Coenson "wrote up" Spagnola and threatened her job.

26. In the "write up" Coenson ordered Spagnola to respond to more than 100 E-mails and voicemails each day or else he would terminate her employment.

27. At the time Coenson made the demand Spagnola was spending 80 to 90% of her work time attending meetings and conference calls, all at Coenson's direction.

28. The male employees Coenson supervised were not given such overly burdensome tasks and ultimatums as was Spagnola.

29. When Spagnola asked Coenson why she was being treated differently than male employees, Coenson responded: "you and I just don't click."

30. Female employees, other than Spagnola, complained to Humana officials about Coenson and voiced opposition to Humana officials about the unfair manner in which Coenson treated female employees.

31. Early in July of 2007, Coenson attempted to intimidate Spagnola into resigning her position.

32. Spagnola pleaded with Humana to relocate her within the company but Humana refused.

33. Spagnola refused to resign, and after nearly 11 years of exemplary performance for Humana, Coenson wrongfully terminated Spagnola's employment on July 27, 2007.

34. Coenson's wrongful termination of Spagnola was in retaliation for Spagnola's complaints and oppositions to Coenson's discriminatory treatment of female employees.

35. Coenson replaced Spagnola with a male employee.

36. Spagnola's opposition and complaints about Coenson were a motivating factor in Spagnola's termination.

37. Humana, by and through Coenson, created a hostile work environment for female employees.

38. Humana, by and through Coenson, engaged in a pattern and practice of routinely promoting less experienced male employees over female employees.

### V. CLAIMS AND CAUSES OF ACTION

#### A. GENDER DISCRIMINATION/HOSTILE WORK ENVIRONMENT

39. Spagnola re-alleges all allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

40. The Defendants actions in discharging Spagnola constitute gender discrimination and unlawful discharge under the Kentucky Civil Rights Act, Chapter 344 *et. seq.* (hereinafter "KRS 344").

### B. RETALIATION/AND UNLAWFUL DISCHARGE

41. Spagnola re-alleges all allegations contained in Paragraphs 1 through 40 above as if fully set forth herein.

42. Defendant's actions, as set forth above, constitute retaliation and retaliatory discharge in violation of KRS 344.

### C. PUBLIC POLICY WRONGFUL DISCHARGE

43. Spagnola re-alleges all allegations contained in Paragraphs 1 through 42 above as if fully set forth herein.

44. The Defendant's actions in discharging Spagnola constitute an actionable wrongful discharge in violation of Kentucky public policy.

### D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Spagnola re-alleges all allegations contained in Paragraphs 1 through 44 above as if fully set forth herein.

46. The Defendant's actions in discharging Spagnola constitute the tort of intentional infliction of emotional distress, also known as the tort of outrage, under Kentucky tort law.

### VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Spagnola respectfully prays that she be awarded the following relief and all other relief to which she may be entitled:

A. Trial by jury;

B. Judgment against the Defendant on all claims asserted herein;

C. Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E. Punitive damages to punish and deter similar future unlawful conduct;

F. An award of statutory attorney fees, costs and expenses; and

G. Statutory interest on all damage awards, verdicts or judgments.

H. All other relief to which she may appear entitled.

*/s/ Kenneth Baker*
Kenneth Baker
Kurt A. Scharfenberger
1500 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 583-7669 (phone)
(502) 584-0293 (fax)

*Attorneys for the Plaintiff Kathy Spagnola*

| | | |
|---|---|---|
| CASE NO. 08-CI-08422 | | JEFFERSON CIRCUIT COURT |
| | | DIVISION FOUR (4) |
| | | JUDGE CHARLES L. CUNNINGHAM |
| KATHY JO SPAGNOLA | 2008 SEP -3 P 4: 18 | PLAINTIFF |
| | JEFFERSON CIR/DIST. CT | |
| v. | CLERK 13 | |
| | **ANSWER** | |
| HUMANA INC. | | DEFENDANT |

**** **** ****

Defendant, Humana Inc. ("Humana" or "Defendant"), by counsel, submits this Answer to the Complaint (hereinafter "Complaint") of Plaintiff, Kathy Jo Spagnola ("Plaintiff").

1. Defendant is without sufficient information or knowledge to either admit or deny the averments contained in numerical paragraph 1 of the Complaint and, therefore, such averments are denied as pled. However, such averments are consistent with Plaintiff's records during her employment with Humana. As of on or about December 24, 2006, Plaintiff ceased employment with Humana and became an employee of Humana Insurance Company.

2. The averments contained in numerical paragraph 2 of the Complaint are admitted.

3. The averments contained in numerical paragraph 3 of the Complaint are admitted.

4. Defendant is without sufficient information or knowledge to either admit or deny the averments contained in numerical paragraph 4 of the Complaint and, therefore, such averments are denied as pled. However, such averments are consistent with Plaintiff's records during her employment with Humana. As of on or about December 24, 2006, Plaintiff ceased employment with Humana and became an employee of Humana Insurance Company.

5. The averments contained in numerical paragraph 5 of the Complaint are admitted.

6. The averments contained in numerical paragraph 6 of the Complaint are admitted.

7. The averments contained in numerical paragraph 7 of the Complaint are admitted; however, Humana denies that Plaintiff is entitled to a judgment or any of the relief requested in this lawsuit.

8. The averments contained in numerical paragraph 8 of the Complaint are admitted in part, because, as of on or about December 24, 2006, Plaintiff ceased employment with Humana and became an employee of Humana Insurance Company.

9. The averments contained in numerical paragraph 9 of the Complaint are admitted.

10. The averments contained in numerical paragraph 10 of the Complaint are admitted in part, because, as of on or about December 24, 2006, Plaintiff ceased employment with Humana and became an employee of Humana Insurance Company.

11. Defendant is without sufficient information or knowledge to either admit or deny the averments contained in numerical paragraph 11 of the Complaint and, therefore, such averments are denied as pled.

12. The averments contained in numerical paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 38 contain numerous vague, ambiguous, and undefined terms and references for which Defendant is without sufficient information or knowledge to either admit or deny and, therefore, such averments are denied as pled. In addition, many of these averments contain legal conclusions to which no answer is required. Subject to and without waiving these objections, Humana answers that Doug Coenson ("Coenson") was Plaintiff's supervisor from on or about on or about December 24, 2006 until on or about July 27, 2007. Humana affirmatively denies that its employees or agents engaged in any conduct, action or omission in violation of the Kentucky Civil Rights Act, KRS 344.010 *et seq.*

13. With respect to the averments contained in numerical paragraphs 39, 41, 43, and 45, Humana references and reasserts its answers to the corresponding paragraphs referenced therein in the Complaint.

14. The averments contained in numerical paragraphs 40, 42, 44, and 46 are denied.

15. Any and all averments contained in the Complaint, which were not specifically admitted, are hereby denied.

16. Defendant denies that Plaintiff is entitled to the damages sought and the relief requested in the Complaint, including, but not limited to the Prayer For Relief, stated on pages 3 and 4 of the Complaint.

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim or cause of action upon which relief can be granted.

### SECOND DEFENSE

All of Defendant's actions with respect to the Plaintiff were taken for legitimate and non-discriminatory reasons, and all of Defendant's actions were made in good faith and without malice or reckless desire to harm the Plaintiff.

### THIRD DEFENSE

Some or all of Plaintiff's claims against Defendant are barred, in whole or in part, by the applicable statute of limitations, laches, estoppel, and unclean hands. Defendant reserve the right to amend the Answer to raise other affirmative defenses permitted by CR 8.03.

### FOURTH DEFENSE

Defendant denies that Plaintiff has properly stated a claim for unlawful hostile work environment harassment based on sex or gender. Defendant denies that Plaintiff was subjected to unlawful hostile work environment harassment based on sex or gender. Defendant further

asserts any affirmative defenses provided by law to claims of hostile work environment harassment based on sex or gender, including the following: Defendant exercised reasonable care to prevent and correct promptly unlawful harassment, if any, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### FIFTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### SIXTH DEFENSE

Plaintiff is not entitled to recover punitive damages. Punitive damages are not available remedies for some or all of Plaintiff's claims. Punitive damages are not provided by the Kentucky Civil Rights Act for employment claims. *See Ky. Dept. of Corr. v. McCullough*, 2000-SC-0727-DG and 2001-SC-0146-DG, 2003 Ky. LEXIS 180 (August 21, 2003). To the extent Plaintiff's Complaint seeks to make Defendant liable for punitive damages, Defendant adopts by reference whatever defenses, criteria, limitations and standards are mandated by the United States Supreme Court's decision in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996). There are no adequate safeguards with respect to the imposition of punitive damages against Defendant as presently applied to meet the requirements of due process of law under the Fourteenth Amendment of the Constitution of the United States. Accordingly, the imposition of punitive damages in this case against Defendant would violate that Amendment of the Constitution of the United States.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part due to her failure to exhaust administrative remedies or otherwise comply with administrative conditions prerequisite to bringing some or all of these claims against Defendant.

## EIGHTH DEFENSE

Plaintiff's claims in whole or in part are preempted by the Kentucky Civil Rights Act.

## NINTH DEFENSE

Plaintiff fails to state a claim or cause of action for intentional infliction of emotional distress, outrage or wrongful discharge in violation of Kentucky public policy.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part for failure to sue the correct legal entity which employed Plaintiff. Prior to filing this Answer, Defendant, by counsel, notified Plaintiff, by counsel, that Humana Insurance Company was Plaintiff's employer for a portion of her employment. Humana Insurance Company, by counsel, adopts as its own the Answers to the averments and the enumerated defenses asserted by Humana in this Answer and will, upon service of process of the Amended Complaint, submit an Answer to the amended Complaint. Humana and Humana Insurance Company, by counsel, reserve all rights and remedies on their behalf. Humana Insurance Company affirmatively denies that its employees or agents engaged in any conduct, action or omission in violation of the Kentucky Civil Rights Act, KRS 344.010 *et seq.* or the common laws at issue in this lawsuit.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the exclusive remedy provisions available under the Kentucky Workers' Compensation Act.

WHEREFORE, Humana hereby demands and prays for judgment as follows:

A.  That Plaintiff's Complaint and each allegation contained therein be dismissed with prejudice;

B.  That judgment be awarded in favor of Humana;

C. For judgment against Plaintiff awarding Humana its costs and expenses incurred in this action, including reasonable legal costs and attorneys' fees; and

D. Any and all other relief to which Humana may appear entitled.

Respectfully submitted this 3rd day of September, 2008.

Respectfully submitted,

Craig P. Siegenthaler, Esq.
Greenebaum Doll & McDonald PLLC
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202-3197
Phone: (502) 587-3617
Fax: (502) 587-2102
E-mail: cps@gdm.com

COUNSEL FOR DEFENDANT, HUMANA INC
and HUMANA INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2008, a true and correct copy of the foregoing was served, via first class U.S. Mail, postage pre-paid, upon the following:

Kenneth Baker
Kurt A. Scharfenberger
1500 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202

COUNSEL FOR DEFENDANT

2967211_1.doc

| | |
|---|---|
| CIVIL ACTION NO. 08-CI-08422 | JEFFERSON CIRCUIT COURT |
| | DIVISION FOUR (4) |
| | JUDGE: Charles L. Cunningham, Jr. |
| Kathy Jo Spagnola | PLAINTIFF |

v.

### AGREED PROTECTIVE ORDER

| | |
|---|---|
| Humana, Inc | DEFENDANT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes Kathy Jo Spagnola (hereinafter the "Plaintiff"), and Humana, Inc. ("hereinafter the "Defendant") and for their Agreed Protective Order state as follows:

**WHEREAS**, discovery in this action may involve the disclosure of Defendant's trade secrets, Defendant's financial information, and confidential, private or personal information contained in individual personnel files of Defendant's current and former employees;

**WHEREAS**, discovery in this action may also involve the disclosure of Plaintiff's medical records, Plaintiff's financial information, and confidential, private or personal information contained in Plaintiff's personnel file;

**WHEREAS**, the parties agree that documents containing Defendant's trade secret information, Defendant's financial information, confidential, private or personal information of Defendant's current and former employees, Plaintiff's medical records, Plaintiff's financial information, and confidential, private or personal information contained in the Plaintiff's personnel file may be identified and marked as "Confidential" before being produced; and

FEB 20 2009

**WHEREAS**, it is stipulated and agreed between the parties to this action through their respective counsel that a Protective Order should be entered in the above-captioned case;

**IT IS HEREBY ORDERED** that:

1. Plaintiff, Plaintiff's counsel, Defendant and Defendant's counsel agree that documents produced during the course of this litigation that are identified and marked as "Confidential" shall not be given, shown or made available to anyone other than counsel of record for the Plaintiff and Defendant in this litigation, paralegals and/or clerical staff, trial witnesses (expert and fact), the Court and the jury in the course of judicial proceedings in this case and other persons necessary and essential to aid in the preparation of this case.

2. Documents identified and marked as "Confidential" shall also be subject to the following restrictions and conditions:

   A. "Confidential" documents shall not be used for any purpose other than this litigation and under no circumstances shall "Confidential" documents be used for any personal, business, competitive or other purposes whatsoever.

   B. It is the responsibility of counsel in this litigation to maintain custody of all "Confidential" documents in a secure and appropriate manner and place so as to allow access to "Confidential" documents by only persons permitted by this Protective Order to have access to "Confidential" documents.

   C. In the event that a document produced by the parties and identified and marked as "Confidential" is to be filed with the Court, the party filing the "Confidential" document must *either* (1) file the document under seal, *or* (2) before filing the "Confidential" document with the Court, (a) notify opposing counsel which specific "Confidential" document is to be filed with the Court, and (b) allow opposing counsel to redact from the document any specific "Confidential"

information contained therein, and (c) file only the redacted copy of the "Confidential" document with the Court.

D. Any dispute as to whether a particular document is "Confidential," or as to whether particular information within a "Confidential" document should be redacted, must be brought to the Court's attention and resolved prior to the filing of any disputed un-redacted "Confidential" document.

E. Each person to whom any "Confidential" document is given, shown or made available, with the exception of Defendant's management, shall agree in writing to be bound by the terms of this Protective Order and shall execute the Confidentiality Agreement attached hereto as Appendix "A."

F. Within thirty (30) days after the conclusion of this litigation, by settlement or adjudication, including any appellate proceedings, all "Confidential" documents produced by either party shall be returned to the opposing party.

G. The inadvertent or unintentional disclosure of any "Confidential" documents, including attorney-client privileged documents, shall not be construed to be a waiver, in whole or in part, of a claim of confidentiality either as to the specific "Confidential" document disclosed or as to any other related information.

H. The designation of any document as "Confidential" and subject to this Protective Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of the Plaintiff or Defendant.

I. The agreement of the parties stipulated in this Protective Order does not constitute an admission or agreement that any "Confidential" document is subject to discovery, disclosure or production or is admissible as evidence in this case.

3. This Protective Order is entered without prejudice to the right of any party to seek modification of this Protective Order from the Court with respect to any specific "Confidential" document.

**SO ORDERED,** this _____ day of _____, 2008.

_____
Charles L. Cunningham, Jr.
Jefferson Circuit Court

Agreed to this 20th day of January, 2009.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

FEB 18 2009

BY _____
DEPUTY CLERK

_____
Craig Seigenthaler
Greenebaum Doll & McDonald PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
(502) 589-4200

_____
Kenneth H. Baker
Kurt A. Scharfenberger
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, Kentucky 40202
(502) 583-7669
(502) 584-0293 (facsimile)

## APPENDIX "A"

_____ hereby acknowledges that he or she has read the Protective Order entered by this Court in *Kathy Spagnola v. Humana, Inc., et. al.*, case number 08-CI-08422, that he or she acknowledges being bound by the terms of this Protective Order, and that he or she fully understands the terms of this Protective Order.

BY: _____